**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AARON BAJEMA, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| ROSENTHAL, MORGAN & § | |
| THOMAS, INC., § | |
| Defendant § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it

may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Aaron Bajema ("Plaintiff"), is a natural person residing in Harris County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Rosenthal, Morgan & Thomas, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff, including Defendant's collection agent Travis calling Plaintiff's home on May 6, 2010 and having a detailed discussion of the alleged debt with Plaintiff's roommate after it being made known that he was not the alleged debtor (§ 1692b(2) & § 1692c(b)).

14. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including Defendant's collection agent Travis

stating during a telephone conversation that he was aware that the alleged creditor Simco was seeking to collect on a "bogus charge" for alarm services, but "he didn't care because he's paid hourly and stating its [his] boss who is on commission, so [he's] just going to continue calling" (§ 1692d)).

15. Defendant falsely represented that an individual is an attorney, including the Defendant's collection agent, Ms. Frankie stating to Plaintiff on May 15, 2010, that she was an attorney with Rosenthal, Morgan and Thomas, Inc., and demanding to speak with the Plaintiff's attorney (§ 1692e(3)).

16. Defendant falsely represented or implied that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action, including the Defendant's collection agent Ms. Frankie stating to Plaintiff on May 15, 2010, that Plaintiff was going to be immediately sued for breach of contract and would be liable for all Defendant's attorneys fees (§ 1692e(4)).

17. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector, including Defendant's May 15, 2010, telephone call to Plaintiff wherein Ms. Frankie failed to provide the required disclosure that she was calling on behalf a debt collector and any information obtained would be used for that purpose (§ 1692e(11)).

18.   Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant failing to provide Plaintiff with any written notification whatsoever regarding the alleged debt or tending to advise him of his right to demand validation of the alleged debt within thirty (30) days of his receipt of a dunning letter and the right to demand validation of same within the required statutory period (§ 1692g(a)).

19.   Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

20.   As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

21.   Plaintiff repeats and re-alleges each and every allegation contained above.

22.   Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Representing that Plaintiff's debt would definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges, where the award of the fees or charges was subject to judicial discretion (Tex Fin Code § 392.304(a)(13)).

    b. Using profane or obscene language or language intended to unreasonably abuse Plaintiff (Tex Fin Code § 392.302(1)).

    c. Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, where the communication was the initial written or oral communication between Defendant and Plaintiff (Tex Fin Code § 392.304(a)(5)(A)).

    d. Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B)).

    e. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

25. Plaintiff reincorporates by reference herein all prior paragraphs above.

26. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

27. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

28. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

29. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

30. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

31. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

32. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

33. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

34. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) a declaratory judgment be entered that Defendant's conduct violated the DTPA;

(b) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest

at the highest lawful rates.

(c)     an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(d)     such other and further relief as may be just and proper.

## TRIAL BY JURY

35.     Plaintiff is entitled to and hereby demands a trial by jury.

                                        Respectfully submitted,

                                        By: /s/ Dennis R. Kurz
                                        Dennis R. Kurz
                                        Texas State Bar # 24068183
                                        Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
(888) 595-9111 ext. 412
(866) 842-3303 (fax)


## CERTIFICATE OF SERVICE

I certify that on June 30th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

                                        /s/ Dennis R. Kurz
                                        Dennis R. Kurz